IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
No. 4:19-CV-5-D

| | | |
|---|---|---|
| LARRY SQUIRES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| MERIT SYSTEMS PROTECTION BOARD, et al., | ) | |
| | ) | |
| Defendants. | ) | |

On January 3, 2019, Larry Squires ("Squires" or "plaintiff"), proceeding pro se, filed a notice of appeal from a final decision of the Merit Systems Protection Board (the "MSPB") [D.E. 1-1], which dismissed his mixed-case appeal for lack of jurisdiction. On January 7, 2019, Squires filed a petition for review of the MSPB's decision [D.E. 4] and a copy of the MSPB's decision [D.E. 4-1]. On January 22, 2019, Squires refiled his notice of appeal from the MSPB's decision [D.E. 7]. On April 1, 2019, the MSPB and the United States Department of Navy (the "Navy"; collectively, "defendants") moved to affirm the MSPB's decision [D.E. 11], moved to dismiss Squires's discrimination and retaliation claims for lack of subject-matter jurisdiction and failure to state a claim [D.E. 12], filed a memorandum in support of both motions [D.E. 14], and filed the administrative record [D.E. 15-1]. On the same date, the court notified Squires about the motions, the consequences of failure to respond, and the response deadlines [D.E. 16]. See Roseboro v. Garrison, 528 F.2d 309, 310 (4th Cir. 1975) (per curiam). On April 24, 2019, defendants filed a supplemental memorandum in support [D.E. 17]. On April 26, 2019, Squires responded in opposition [D.E. 19]. On May 9, 2019, defendants replied [D.E. 20]. As explained below, the court

affirms the MSPB's decision, denies defendants' motion to dismiss for lack of subject-matter jurisdiction, grants defendants' motion to dismiss for failure to state a claim, and dismisses Squires's discrimination claims without prejudice.

I.

On December 10, 2017, Squires accepted the position of Director, Community Plans and Liaison Office, a GS-0020-13 step 6 position (Supervisory Community Planner), with the Department of Navy, United States Marine Corps. See [D.E. 15-1] 7, 103. On June 22, 2018, Squires e-mailed his commanding officer, Lieutenant Colonel Todd W. Ferry ("Ferry"), and the Director of Manpower Andrew Kowalski ("Kowalski") and stated that he suffered from various medical conditions and that these conditions had become more acute in recent months. See id. at 23–24, 39. For example, Squires told Ferry and Kowalski that he could not use his computer effectively, attend meetings or gatherings, or establish and maintain effective relationships. See id. Squires admitted that his conditions prevented him from fulfilling his duties, and he requested a reasonable accommodation for his current position or assistance in obtaining a new position at the same grade or pay level. See id. at 24, 39.

On June 25, 2018, Kowalski put Squires in contact with Equal Employment Opportunity ("EEO") personnel to discuss Squires's request for a reasonable accommodation or reassignment. See id. at 24. Mike Arkin ("Arkin"), an EEO Manager, met with Squires and informed Squires that finding an accommodation or reassignment would be difficult due to Squires's responsibilities. See id. On June 28, 2018, Squires requested and received the Family Medical Leave Act ("FMLA") forms required to request medical leave. See id. On the same day, Squires sent Arkin written questions concerning disability retirement and the reasonable accommodation process. See id.

On June 29, 2018, Squires claims that Rhonda Murray ("Murray"), a Navy Community Plans

and Liaison Officer for the Mid-Atlantic region and later Squires's immediate supervisor, "reached out to [Squires] under the pretext of discussing [Department of Transportation] funding sources available to the [Department of Defense]." Id.; see [D.E. 14-1]. Squires claims that Murray did so because he had significant experience with transportation programs and projects. See [D.E. 15-1] 24. Squires also claims that Murray had been considered for the same position that Squires accepted. See id. On July 20, 2018, Kowalski told Squires that defendants wished to replace Squires with Murray as soon as possible. See id. at 26–27. Squires told Kowalski that he planned to take FMLA leave while awaiting more information from his doctors concerning his medical conditions. See id. at 27.

On July 26, 2018, Squires told Lieutenant Colonel Spangenberger ("Spangenberger") that he believed that any efforts to replace him with Murray constituted discrimination based on his perceived disability. See id. On or about the same day, Squires met with Kowalski and an EEO official to discuss FMLA leave options. See id. at 28. Squires alleges that he told Kowalski about a time when Squires's commanding officer laughed at Squires's medical conditions and stated that, having learned more about Squires's medical history, his commanding officer understood Squires better. See id. Squires told Kowalski that he wanted a transfer to a temporary position under the FMLA while he sought treatment for his medical conditions. See id.

On August 5, 2018, Squires received a step increase. See id. at 29. On August 7, 2018, Squires's doctor faxed the medical certification for his FMLA to defendants. See id. On the same day, Kowalski and Spangenberger met with Squires. See id. At the meeting, they informed Squires that they had created a new position for Squires. See id. The position had the same grade, same pay, and many of the same duties, but it left out supervisory duties that Squires had said that he could not fulfill. See id. Furthermore, they told Squires that, if he came back from medical leave, he would

3

return to the newly-created position and Murray would take Squires's former position. See id. Squires objected to this arrangement because he believed that reassignment to a permanent position would constitute disability discrimination in violation of the FMLA. See id. Instead, Squires requested a temporary reassignment that left him the option of returning to his current position. See id. Kowalski told Squires that a temporary reassignment was not possible because it would prevent defendants from filling Squires's old position while he was away on medical leave. See id. Squires also claimed that he had not officially requested a reassignment or reasonable accommodation. See id. at 29–30.

On August 30, 2018, defendants reassigned Squires to the newly-created Community Planner position at the same grade and pay[1] effective September 4, 2018. See id. at 83, 103. On September 4, 2018, Squires e-mailed Kowalski to decline the reassignment because he believed that the reassignment was "unreasonable as well as discriminatory—and, probably violates a few prohibited personnel practices and merit system principles." Id. at 102. On September 24, 2018, Squires e-mailed Kowalski and claimed that Navy personnel had "exercised an obscene amount of discretion" in reassigning Squires to a new position to fill his former position with Murray and that he wished to file a complaint alleging retaliation and discrimination. Id. at 106–07. Squires also asked to be placed on paid medical leave while his discrimination complaints were resolved. See id. at 107. On September 25, 2018, Squires met with Navy officials. See id. at 113–14. At the conclusion of the meeting, Navy officials refused to reconsider the decision to reassign Squires. See id. at 113.

On October 10, 2018, Squires submitted a notice of his resignation and applied for immediate retirement. See id. at 7. On the same date, Squires filed an "appeal of constructive removal and

---

[1] Squires remained a GS-0020-13, step 6, with an adjusted salary of $101,794.00. See [D.E. 15-1] 103.

4

violation of prohibited personnel practices, discrimination, retaliation, and harassment with motion to stay" with the MSPB. Id. at 4. Liberally construed, Squires alleged that Navy personnel had deceived him concerning his leave options and discriminated against him based on his medical disabilities, failed to accommodate his medical needs, retaliated against him, and created a hostile work environment. See id.

On October 15, 2018, the MSPB instructed Squires to produce evidence that showed it had jurisdiction over his claims. See id. at 167–68. On October 18, 2018, Squires responded, adding a claim under the Whistleblower Protection Act of 1989 ("WPA") and clarifying that his complaint was for constructive removal resulting in his involuntary retirement. See id. at 190–91. On October 24, 2018, the MSPB ordered Squires to produce evidence that he exhausted administrative remedies before the Office of Special Counsel ("OSC"). See id. at 201–03.

On November 15, 2018, an administrative law judge ("ALJ") issued an initial decision dismissing Squires's appeal for lack of jurisdiction. See [D.E. 4-1] 1–2. After recounting the undisputed facts, the ALJ found that Squires had "not demonstrated or even alleged that the agency's reassignment action resulted in a reduction in his grade or pay." Id. at 3. Moreover, the ALJ found that Squires had not alleged or produced any evidence that he exhausted his administrative remedies concerning his WPA claim. See id. After denying Squires's motion to stay, the ALJ denied Squires's motion to certify interlocutory review to the MSPB. See id. at 3–4. On December 20, 2018, the decision became the MSPB's final decision. See id. at 5. On January 3, 2019, Squires appealed [D.E. 1-1].

II.

Defendants argue that the court should affirm the MSPB's dismissal of Squires's claims for lack of jurisdiction. The Civil Service Reform Act of 1978 ("CSRA"), 5 U.S.C. § 1101 et seq.,

permits a federal employee subjected to an adverse personnel action to appeal the relevant agency's decision to the MSPB in some circumstances. See 5 U.S.C. §§ 1221(a), 7512, 7701; Kloeckner v. Solis, 568 U.S. 41, 43–44 (2012). The CSRA provides a statutory framework for administrative and judicial review of employment decisions involving certain federal employees. See Chin-Young v. United States, No. 17-2013, 2019 WL 2114737, at *4 (4th Cir. May 14, 2019) (unpublished). Although generally judicial review of MSPB decisions is only possible in the United States Court of Appeals for the Federal Circuit, a federal employee who "claims that an agency action appealable to the MSPB violates an antidiscrimination statute listed in [5 U.S.C.] § 7702(a)(1) should seek judicial review in district court." Kloeckner, 568 U.S. at 45–46, 56; see Chin-Young, 2019 WL 2114737, at *4; Winey v. Mattis, 712 F. App'x 284, 284 (4th Cir. 2018) (per curiam) (unpublished); Bonds v. Leavitt, 629 F.3d 369, 378 (4th Cir. 2011); Peterik v. United States, No. 7:16-CV-41-FL, 2017 WL 1102617, at *3 (E.D.N.C. Mar. 24, 2017) (unpublished); Alford v. Leonhart, No. 7:14-CV-196-F, 2016 WL 816777, at *1 (E.D.N.C. Feb. 25, 2016) (unpublished). In that case, the federal employee has alleged a mixed-case. See 29 C.F.R. § 1614.302; Kloeckner, 568 U.S. at 44.

To the extent that Squires alleges a disability discrimination claim under the Rehabilitation Act of 1973, 29 U.S.C. § 791, Squires may seek judicial review of the MSPB's decision to dismiss his mixed-case appeal in this court. See 5 U.S.C. § 7702(a)(1)(B)(i), (iii); Kloeckner, 568 U.S. at 43–46; Furey v. Mnuchin, 334 F. Supp. 3d 148, 156–57 (D.D.C. 2018). The court has jurisdiction over Squires's mixed-case appeal even though the MSPB determined it lacked jurisdiction over his claims and did not reach the merits. See Perry v. Merit Sys. Prot. Bd., 137 S. Ct. 1975, 1979 (2017); Kloeckner, 568 U.S. at 50; Chin-Young, 2019 WL 2114737, at *5; Alford, 2016 WL 816777, at *1.

In exercising judicial review over a MSPB decision concerning a nondiscrimination claim, courts look to the administrative record. See Young v. West, 149 F.3d 1172, at *5 (4th Cir. 1998)

6

(per curiam) (unpublished table decision); Romero v. Dep't of the Army, 708 F.2d 1561, 1563 (10th Cir. 1983); Doe v. Hampton, 566 F.2d 265, 272 (D.C. Cir. 1983); Twyman v. Berry, No. 2:08cv519, 2009 WL 10676561, at *4 (E.D. Va. Dec. 14, 2009) (unpublished), aff'd, 447 F. App'x 482 (4th Cir. 2011) (per curiam) (unpublished). Squires bears the burden to show that, based on the record, the MSPB erred. See Twyman, 447 F. App'x at 484; Harris v. Dep't of Veterans Affairs, 142 F.3d 1463, 1467 (Fed. Cir. 1998). The court reviews the MSPB's decision concerning any nondiscrimination claim deferentially and can set such a decision aside only if the MSPB's findings or conclusions are "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c); see Hooven-Lewis v. Caldera, 249 F.3d 259, 266 (4th Cir. 2001); Alford, 2016 WL 816777, at *1.

In exercising judicial review over a mixed case, the court reviews de novo the MSPB's decision concerning any discrimination claim. See, e.g., 5 U.S.C. § 7703(c); Hooven-Lewis, 249 F.3d at 266; Alford, 2016 WL 816777, at *1; Lucas v. Brownlee, No. 5:04-CV-127-BO(1), 2005 WL 8159195, at *3 (E.D.N.C. Apr. 22, 2005) (unpublished). Courts reviewing discrimination claims de novo may consider the administrative record developed before the MSPB as evidence. See Rana v. United States, 812 F.2d 887, 890 (4th Cir. 1987); Butler v. Bair, No. 1:10-cv-817 (AJT/TRJ), 2010 WL 4623951, at *3 (E.D. Va. Nov. 4, 2010) (unpublished); Monk v. Potter, 723 F. Supp. 2d 860, 872 (E.D. Va. 2010), aff'd sub nomen Monk v. Donahoe, 407 F. App'x 675 (4th Cir. 2011) (per curiam) (unpublished). However, a court deciding a motion to dismiss for failure to state a claim may not consider evidence outside the pleadings without transforming the motion into one for summary judgment. Fed. R. Civ. P. 12(d). Thus, in deciding defendants' motion to dismiss Squires's discrimination claims under Rule 12(b)(6), the court considers only the plausibility of

Squires's factual allegations in the pleadings, not the administrative record.

A.

As for the MSPB's decision to dismiss Squires's appeal of his reassignment for lack of jurisdiction, the MSPB reasoned that it lacked jurisdiction because Squires's reassignment did not reduce his grade or pay. See [D.E. 4-1] 1–3. Generally, the MSPB has jurisdiction over appeals concerning an agency's reassignment decision only "if the agency's action resulted in a reduction in grade or pay." Tsungu v. Merit Sys. Prot. Bd., 513 F. App'x 942, 945 (Fed. Cir. 2013) (per curiam) (unpublished) (quotation omitted); see Phillips v. Merit Sys. Prot. Bd., No. 2008-3251, 2009 WL 82720, at *1 (Fed. Cir. Jan. 14, 2009) (per curiam) (unpublished); Walker v. Dep't of the Navy, 106 F.3d 1582, 1584 (Fed. Cir. 1997); cf. 5 U.S.C. § 7512(3), (4); 5 C.F.R. § 1201.3(a)(1). This jurisdictional rule applies even if a reassignment reduces job responsibilities. See Tsungu, 513 F. App'x at 945–46; Wilson v. Merit Sys. Prot. Bd., 807 F.2d 1577, 1580–81 (Fed. Cir. 1986). Moreover, Squires had the burden to show that the MSPB had jurisdiction over his appeal. See Perez v. Merit Sys. Prot. Bd., 85 F.3d 591, 593 (Fed. Cir. 1996); 5 C.F.R. § 1201.56(b)(2)(i)(A).

Squires's reassignment did not reduce his grade or pay. See [D.E. 15-1] 103. That the reassignment reduced Squires's supervisory responsibilities is irrelevant to whether the MSPB had jurisdiction over his appeal. See Tsungu, 513 F. App'x at 945–46; Wilson, 807 F.3d at 1580–81. Thus, substantial evidence supported the MSPB's factual finding that it lacked jurisdiction over Squires's appeal. Accordingly, the court affirms the MSPB's decision that it lacked jurisdiction over Squires's appeal of his reassignment.

B.

As for Squires's claim under the WPA, the MSPB had jurisdiction only if Squires exhausted his administrative remedies before the OSC and made nonfrivolous allegations that (1) he engaged

8

in whistleblowing activity by making a protected disclosure under section 2302(b)(8), and (2) the disclosure was a contributing factor in the agency's decision to take or fail to take a personnel action under section 2302(a). See Yeh v. Merit Sys. Prot. Bd., 527 F. App'x 896, 899–900 (Fed. Cir. 2013) (per curiam) (unpublished); Yunus v. Dep't of Veterans Affairs, 242 F.3d 1367, 1371 (Fed. Cir. 2001); cf. 5 U.S.C. § 2302(a), (b)(8). Although Squires alleged a WPA claim, the MSPB did not adjudicate that claim because Squires provided no evidence that he exhausted administrative remedies with the OSC. See [D.E. 4-1] 3 n.2. Squires had the burden to establish that the MSPB had jurisdiction over his WPA claim. See Kahn v. Dep't of Justice, 528 F.3d 1336, 1341 (Fed. Cir. 2008); Perez, 85 F.3d at 593. Thus, to the extent that Squires seeks judicial review of the MSPB's decision that it lacked jurisdiction over his WPA claim, the court affirms the decision.

C.

As for Squires's constructive removal or involuntary retirement claim, the MSPB found that Squires had not retired from the Navy. See [D.E. 4-1] 3. The court reviews the MSPB's factual findings for "support by substantial evidence in the record." Lentz v. Merit Sys. Prot. Bd., 876 F.3d 1380, 1384 (Fed. Cir. 2017). Substantial evidence is such evidence "as a reasonable mind might accept as adequate to support a conclusion." Id. (quotation omitted); see Consol. Edison Co. of N.Y. v. Nat'l Labor Relations Bd., 305 U.S. 197, 229 (1938).

To establish jurisdiction over an involuntary retirement claim before the MSPB, an appellant must make nonfrivolous allegations that his retirement or resignation was involuntary (i.e., that "the agency effectively imposed the terms of the employee's resignation, the employee had no realistic alternative but to resign or retire, and the employee's resignation or retirement was the result of improper acts by the agency"). Trinkl v. Merit Sys. Prot. Bd., 727 F. App'x 1007, 1009 (Fed. Cir. 2018) (unpublished); see Sweeney v. Merit Sys. Prot. Bd., No. 18-1458, 2019 WL 2484682, at *6

(4th Cir. June 19, 2019) (per curiam) (unpublished); Shoaf v. Dep't of Agric., 260 F.3d 1336, 1341 (Fed. Cir. 2001). A nonfrivolous allegation is one that, if established at a jurisdictional hearing by a preponderance of the evidence, would be sufficient for the MSPB to have jurisdiction. See Garcia v. Dep't of Homeland Sec., 437 F.3d 1322, 1325, 1330 (Fed. Cir. 2006) (en banc). "To objectively determine whether a reasonable person in the employee's position would have felt compelled to resign, the tribunal must consider the totality of the circumstances." Trinkl, 727 F. App'x at 1009. Notably, an employee who "decides to resign or retire because he does not want to accept actions that the agency is authorized to adopt" does not allege an involuntary retirement or resignation claim. Terban v. Dep't of Energy, 216 F.3d 1021, 1025 (Fed. Cir. 2000) (alteration and quotation omitted); see Staats v. U.S. Postal Serv., 99 F.3d 1120, 1124 (Fed. Cir. 1996). Resignation or retirement decisions are presumed voluntary. See Trinkl, 727 F. App'x at 1009; Terban, 216 F.3d at 1024; Cruz v. Dep't of the Navy, 934 F.2d 1240, 1244 (Fed. Cir. 1991).

The MSPB had substantial evidence to conclude that Squires failed to overcome the presumption that his retirement was voluntary. Squires voluntarily decided to retire because he did not want to accept a permanent reassignment that reduced his responsibilities but not his pay or grade. See Terban, 216 F.3d at 1025; Staats, 99 F.3d at 1124; Cruz, 934 F.2d at 1244. The administrative record does not support Squires's claims that the Navy deceived him concerning his leave options. Moreover, Squires initially requested a reassignment as a reasonable accommodation, and the Navy attempted to comply with that request by creating a new position for Squires. Thus, Squires failed to make nonfrivolous allegations that the MSPB had jurisdiction over his involuntary retirement claim. See Trinkl, 727 F. App'x at 1009. Accordingly, the court affirms the MSPB's decision to dismiss Squires's involuntary retirement or constructive resignation claim for lack of jurisdiction.

D.

As for the MSPB's decision to deny Squires's motion to stay the reassignment under the WPA, an employee may request a stay of a proposed or threatened personnel action under the WPA only after seeking corrective action from the OSC and exhausting those proceedings. Lozada v. Equal Emp't Opportunity Comm'n, 45 M.S.P.B. 310, 312–13 (1990). Squires did not meet his burden before the MSPB to demonstrate that he had exhausted his remedies before the OSC. Thus, the MSPB lacked jurisdiction, and the court affirms the MSPB's decision to deny Squires's motion to stay.

E.

As for the MSPB's decision to decline to certify its initial order for interlocutory appeal, an interlocutory appeal is "an appeal to the [MSPB] of a ruling made by a judge during a proceeding." 5 C.F.R. § 1201.91. An ALJ may certify an interlocutory appeal only if (1) the ruling "involves an important question of law or policy about which there is substantial ground for difference of opinion," and (2) an "immediate ruling will materially advance the completion of the proceeding, or the denial of an immediate ruling will cause undue harm to a party or the public." Id. § 1201.92. An ALJ has substantial discretion in ruling on a motion to certify an interlocutory appeal. See Schoenrogge v. Dep't of Justice, 148 F. App'x 941, 945 (Fed. Cir. 2005) (unpublished); Keefer v. Dep't of Agric., 92 M.S.P.B. 476, 480 (2002); Robinson v. Dep't of the Army, 50 M.S.P.B. 412, 418 (1991).

The administrative law judge did not abuse her discretion in declining to certify the initial decision for interlocutory appeal to the MSPB. The initial decision involved straightforward factual and legal questions concerning the basis of the MSPB's jurisdiction over Squires's claims, and Squires did not show why a denial of an immediate ruling would cause him undue harm. Thus, the

11

court affirms the MSPB's decision denying Squires's motion for certification for interlocutory appeal.

### III.

As for Squires's disability discrimination claims, defendants move to dismiss the claims for lack of subject-matter jurisdiction and for failure to state a claim.

### A.

A motion to dismiss under Rule 12(b)(1) of the Federal Rules of Civil Procedure tests subject-matter jurisdiction, which is the court's "statutory or constitutional power to adjudicate the case." Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 89 (1998) (emphasis omitted); see Holloway v. Pagan River Dockside Seafood, Inc., 669 F.3d 448, 453 (4th Cir. 2012); Constantine v. Rectors & Visitors of George Mason Univ., 411 F.3d 474, 479–80 (4th Cir. 2005). A federal court "must determine that it has subject-matter jurisdiction over the case before it can pass on the merits of that case." Constantine, 411 F.3d at 479–80. As the party invoking federal jurisdiction, Squires bears the burden of establishing that this court has subject-matter jurisdiction. See, e.g., Steel Co., 523 U.S. at 104; Evans v. B.F. Perkins Co., 166 F.3d 642, 647 (4th Cir. 1999); Richmond, Fredericksburg & Potomac R.R. v. United States, 945 F.2d 765, 768 (4th Cir. 1991). In considering a motion to dismiss for lack of subject-matter jurisdiction, the court may consider evidence outside the pleadings without converting the motion into one for summary judgment. See, e.g., Evans, 166 F.3d at 647. A court should grant a motion to dismiss pursuant to Rule 12(b)(1) "only if the material jurisdictional facts are not in dispute and the moving party is entitled to judgment as a matter of law." Id. (quotation omitted).

Defendants argue that this court lacks subject-matter jurisdiction because Squires failed to exhaust administrative remedies. See [D.E. 14] 23–26. In support, defendants note that the MSPB

held that it lacked jurisdiction over the merits of Squire's claims. See id.

The court rejects this argument. First, the "key to district court review [is] the employee's claim that an agency action appealable to the MSPB violates an antidiscrimination statute" listed in the CSRA. Perry, 137 S. Ct. at 1984 (emphasis, alteration, and quotation omitted). Defendants' argument ignores the Supreme Court's holding in Perry that a district court can review mixed-case appeals under the CSRA even if the MSPB determines that it lacked jurisdiction over an appeal. See id. at 1985–88. Moreover, although a person's failure to cooperate with the MSPB can constitute a failure to exhaust administrative remedies, see Austin v. Winter, 286 F. App'x 31, 37 (4th Cir. 2008) (per curiam) (unpublished), Squires did not fail to cooperate with the MSPB or to complete the MSPB's appeals process. Rather, he merely failed to meet his burden to show that the MSPB had jurisdiction over his claims. Thus, the court has subject-matter jurisdiction over Squires's discrimination claims and denies defendants' motion to dismiss for lack of subject-matter jurisdiction.

B.

A motion to dismiss under Rule 12(b)(6) tests the complaint's legal and factual sufficiency. See Ashcroft v. Iqbal, 556 U.S. 662, 677–80 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 554–63 (2007); Coleman v. Md. Court of Appeals, 626 F.3d 187, 190 (4th Cir. 2010), aff'd, 566 U.S. 30 (2012); Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008). To withstand a Rule 12(b)(6) motion, a pleading "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Iqbal, 556 U.S. at 678 (quotation omitted); see Twombly, 550 U.S. at 570; Giarratano, 521 F.3d at 302. In considering the motion, the court must construe the facts and reasonable inferences "in the light most favorable to the [nonmoving party]." Massey v. Ojaniit, 759 F.3d 343, 352 (4th Cir. 2014) (quotation omitted); see Clatterbuck v. City of Charlottesville, 708

F.3d 549, 557 (4th Cir. 2013), abrogated on other grounds by Reed v. Town of Gilbert, 135 S. Ct. 2218 (2015). A court need not accept as true a complaint's legal conclusions, "unwarranted inferences, unreasonable conclusions, or arguments." Giarratano, 521 F.3d at 302 (quotation omitted); see Iqbal, 556 U.S. at 678–79. Rather, a plaintiff's allegations must "nudge[ ] [his] claims," Twombly, 550 U.S. at 570, beyond the realm of "mere possibility" into "plausibility." Iqbal, 556 U.S. at 678–79.

The standard used to evaluate the sufficiency of a pleading is flexible, "and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam) (quotation omitted). Erickson, however, does not "undermine [the] requirement that a pleading contain 'more than labels and conclusions.'" Giarratano, 521 F.3d at 304 n.5 (quoting Twombly, 550 U.S. at 555); see Iqbal, 556 U.S. at 677–83; Coleman, 626 F.3d at 190; Nemet Chevrolet Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255–56 (4th Cir. 2009); Francis v. Giacomelli, 588 F.3d 186, 193 (4th Cir. 2009). Although a court must liberally construe a pro se plaintiff's allegations, it "cannot ignore a clear failure to allege facts" that set forth a cognizable claim. Johnson v. BAC Home Loans Servicing, LP, 867 F. Supp. 2d 766, 776 (E.D.N.C. 2011); see Giarratano, 521 F.3d at 304 n.5.

When evaluating a motion to dismiss, a court considers the pleadings and any materials "attached or incorporated into the complaint." E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc., 637 F.3d 435, 448 (4th Cir. 2011); see Fed. R. Civ. P. 10(c); Goines v. Valley Cmty. Servs. Bd., 822 F.3d 159, 165–66 (4th Cir. 2016); Thompson v. Greene, 427 F.3d 263, 268 (4th Cir. 2005). A court may also consider a document submitted by a moving party if it is "integral to the complaint and there is no dispute about the document's authenticity" without converting the motion into one for summary judgment. Goines, 822 F.3d at 166. Additionally, a court may take judicial notice of

public records when evaluating a motion to dismiss for failure to state a claim. See, e.g., Fed. R. Evid. 201(d); Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 322 (2007); Philips v. Pitt Cty. Mem'l Hosp., 572 F.3d 176, 180 (4th Cir. 2009).

The CSRA's statutory framework for judicial review of MSPB decisions does not change the normal rules of civil litigation established by the Federal Rules of Civil Procedure. Thus, in ruling on defendants' motion to dismiss Squires's discrimination claims, the court does not consider evidence outside the pleadings, including the administrative record that was developed before the MSPB.

Squires has not filed any document that contains factual allegations that render his discrimination claims plausible. One document, docketed as a complaint, is a single page that states that Squires appeals the MSPB's final decision. See Compl. [D.E. 7]. A second document, docketed as a motion for review of the MSPB's final decision with the final decision attached, contains several arguments detailing how the MSPB erred in dismissing Squires's claims for lack of jurisdiction but lacks any factual allegations supporting Squires's discrimination claims. See [D.E. 4]. Thus, even under the liberal rules of construction applicable to pro se litigants, Squires has not plausibly alleged any discrimination claim. Accordingly, having reviewed Squires's discrimination claims de novo, the court grants defendants' motion to dismiss any discrimination claims for failure to state a claim.

IV.

In sum, the court GRANTS defendants' motion to affirm the MSPB's final decision [D.E. 11], AFFIRMS the MSPB's final decision, and DENIES Squires's motion for review of the MSPB's final decision [D.E. 4]. The court DENIES defendants' motion to dismiss for lack of subject-matter jurisdiction [D.E. 12], GRANTS defendants' alternative motion to dismiss for failure to state a claim

15

upon which relief can be granted [D.E. 12], and DISMISSES without prejudice Squires's discrimination claims. The clerk shall close the case.

SO ORDERED. This __3__ day of July 2019.

                                                JAMES C. DEVER III
                                                United States District Judge