IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
No. 4:19-CV-5-D

| | |
|---|---|
| LARRY SQUIRES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| MERIT SYSTEMS PROTECTION ) | |
| BOARD, et al., ) | |
| ) | |
| Defendants. ) | |

On January 13, 2019, Larry Squires ("Squires" or "plaintiff") appealed a Merit Systems Protection Board ("MSPB") decision which rejected his constructive discharge claim against his former employer the United States Department of Navy ("the Navy"). Squires v. MSPB et al., 4:19-CV-5 ("Squires I"), [D.E. 1] (E.D.N.C. Jan. 13, 2019). On July 3, 2019, this court affirmed the MSPB decision and dismissed Squires's constructive discharge claim. See Squires I, [D.E. 21, 22]. On November 6, 2020, the United States Court of Appeals for the Fourth Circuit affirmed the decision affirming the MSPB and remanded with instructions to allow Squires to amend his complaint concerning his disability discrimination claims. See Squires I, [D.E. 28, 29].

On July 17, 2019, Squires filed an age discrimination complaint in the United States District Court for the Northern District of Florida. Squires v. Spencer, 1:19-cv-136-AW ("Squires II"), [D.E. 1] (N.D. Fla. July 17, 2019). On August 22, 2019, Squires served Richard Spencer, then Secretary of the Navy. See Squires II, [D.E. 8]. On November 14, 2019, the Northern District of Florida transferred Squires II to the Eastern District of North Carolina. Squires II, [D.E. 14]. On September 10, 2019, Squires filed an appeal of his MSPB administrative proceeding. See Squires v. Dept. of Navy, 19-2383 ("Squires III"), [D.E. 1] (Fed. Cir. Sept. 10, 2019). On January 29, 2020,

the Federal Circuit transferred that action to the Eastern District of North Carolina. Squires III, [D.E. 20].

On March 1, 2022, the court consolidated Squires II and Squires III into Squires I. See Squires I, [D.E. 40, 41]. On July 18, 2022, following the denial of Squires's petition for a writ of certiorari, (Squires I, [D.E. 42]), the court ordered Squires to file one particularized amended complaint containing his discrimination claims. See Squires I, [ D.E. 44].

On August 19, 2022, Squires filed his court-ordered amended complaint alleging disability discrimination, constructive discharge, and failure to train against the MSPB, the Navy, the Department of Defense, the United States Marine Corps, and Marine Corps Air Station Cherry Point (collectively "defendants"). Squires I, [D.E. 45] 1. On October 14, 2022, defendants moved to dismiss all claims, (Squires I, [D.E. 49]), and filed a supporting memorandum, (Squires I, [D.E. 50]). On November 10, 2022, Squires responded in opposition. Squires I, [D.E. 52]. On November 23, 2022, defendants replied. Squires I, [D.E. 54]. As explained below, the court dismisses with prejudice Squires's amended complaint.

I.

On December 10, 2017, the Navy offered Squires the job of Supervisory Community Planner, GS-0020-13, at Marine Corps Air Station in Cherry Point, North Carolina. Squires I, [D.E. 45] ¶ 2. Squires relocated to Cherry Point, North Carolina at his own expense. Id. at ¶ 3.

Squires alleges that he was an otherwise qualified individual with a disability. Id. at ¶ 4. On June 22, 2018, Squires submitted an email, "Notice of Disability," to Colonel Todd Ferry ("Ferry") and Lt. Col. Spangenberger ("Spangenberger") at which point, Squires alleges that the Navy was aware of his disability. Id. at ¶¶ 5–6. The public record, however, indicates that on June 22, 2018, Squires e-mailed his commanding officer, Ferry, and the Director of Manpower, Andrew Kowalski

2

("Kowalski"), and Squires stated that he suffered from various medical conditions and that these conditions had become more acute in recent months. Squires I, [D.E. 21] 2. For example, Squires told Ferry and Kowalski that he could not use his computer effectively, attend meetings or gatherings, or establish and maintain effective relationships. Id. Squires admitted that his conditions prevented him from fulfilling his duties, and he requested a reasonable accommodation for his current position or assistance in obtaining a new position at the same grade or pay level. Id.

On August 7, 2018, the Navy provided Squires with a "Permanent Reassignment as an Accommodation," which Squires refused. Squires I, [D.E. 45] ¶ 7. That same day, Kowalski and Spangenberger met with Squires. At the meeting, they informed Squires that the Navy had created a new position for him. The position had the same grade, same pay, and many of the same duties, but it did not include supervisory duties that Squires said he could not fulfill. See Squires I, [D.E. 21] 3.

On August 30, 2018, the Navy ordered Squires to "Permanent Reassignment as an Accommodation," which Squires again refused. Squires I, [D.E. 45] ¶ 8. On September 4, 2018, Squires again refused the accommodation assignment. Id. at ¶ 9. From September 4 through September 24, 2018, the Navy did not inform Squires that the request for accommodation had been processed. Id. at ¶ 10.

On September 24, 2018, the Navy informed Squires that it processed his request for accommodation with a retroactive date of September 4, 2018. Id. at ¶ 11. On September 24, 2018, Squires filed a "Notice of Discrimination." Id. at ¶ 14. From September 24, 2018, to the present, Squires has repeatedly asked the Navy to "reverse course." Id. at ¶ 15. On some unspecified date, and in some unspecified context, Lt. Col. Lindstrom advised Squires that, "[he] d[id]n't have to stay." Id. at ¶ 16. On March 2, 2019, Squires resigned. Id. at ¶ 17.

3

II.

A motion to dismiss under Rule 12(b)(1) tests subject-matter jurisdiction, which is the court's "statutory or constitutional power to adjudicate the case." Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 89 (1998) (emphasis omitted); see Holloway v. Pagan River Dockside Seafood, Inc., 669 F.3d 448, 453 (4th Cir. 2012); Constantine v. Rectors & Visitors of George Mason Univ., 411 F.3d 474, 479–80 (4th Cir. 2005). A federal court "must determine that it has subject-matter jurisdiction over the case before it can pass on the merits of that case." Constantine, 411 F.3d at 479–80. In considering a motion to dismiss for lack of subject-matter jurisdiction, the court "may consider evidence outside the pleadings without converting the [motion] to one for summary judgment." White Tail Park, Inc. v. Stroube, 413 F.3d 451, 459 (4th Cir. 2005); see Richmond, Fredericksburg & Potomac R.R. v. United States, 945 F.2d 765, 768 (4th Cir. 1991). "The burden of proving subject matter jurisdiction on a motion to dismiss is on the plaintiff, the party asserting jurisdiction." Adams v. Bain, 697 F.2d 1213, 1219 (4th Cir. 1982).

Such a motion may either (1) assert the complaint fails to state facts upon which subject-matter jurisdiction may be based, or (2) attack the existence of subject-matter jurisdiction in fact, apart from the complaint. See Kerns v. United States, 585 F.3d 187, 192 (4th Cir. 2009); Adams, 697 F.2d at 1219. The plaintiff is "afforded the same procedural protection as he would receive under a Rule 12(b)(6) consideration," wherein "the facts alleged in the complaint are taken as true," and the defendant's challenge "must be denied if the complaint alleges sufficient facts to invoke subject matter jurisdiction." Id.

A Rule 12(b)(6) motion to dismiss tests the complaint's legal and factual sufficiency. See Ashcroft v. Iqbal, 556 U.S. 662, 677–80 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 554–63 (2007); Coleman v. Md. Court of Appeals, 626 F.3d 187, 190 (4th Cir. 2010), aff'd, 566 U.S. 30

4

(2012); Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255 (4th Cir. 2009); Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008). To withstand a Rule 12(b)(6) motion, a pleading "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Iqbal, 556 U.S. at 678 (quotation omitted); see Twombly, 550 U.S. at 570; Giarratano, 521 F.3d at 302. In considering the motion, the court must construe the facts and reasonable inferences "in the light most favorable to the [nonmoving party]." Massey v. Ojaniit, 759 F.3d 343, 352 (4th Cir. 2014) (quotation omitted); see Clatterbuck v. City of Charlottesville, 708 F.3d 549, 557 (4th Cir. 2013), abrogated on other grounds by Reed v. Town of Gilbert, 576 U.S. 155 (2015). A court need not accept as true a complaint's legal conclusions, "unwarranted inferences, unreasonable conclusions, or arguments." Giarratano, 521 F.3d at 302 (quotation omitted); see Iqbal, 556 U.S. at 678–79. Rather, a plaintiff's allegations must "nudge[ ] [his] claims," Twombly, 550 U.S. at 570, beyond the realm of "mere possibility" into "plausibility." Iqbal, 556 U.S. at 678–79.

For the reasons stated in defendants' memorandum in support of their motion to dismiss as well as their reply, (Squires I, [D.E. 50, 54]), the court dismisses with prejudice Squires's amended complaint, (Squires I, [D.E. 45]), for failure to state a plausible claim for relief.

III.

In sum, the court DISMISSES WITH PREJUDICE plaintiff's amended complaint [D.E. 45]. Defendants may respond to plaintiffs' second amended complaint not later than January 30, 2023.

SO ORDERED. This 11 day of January, 2023.

JAMES C. DEVER III
United States District Judge

5