IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
No. 4:19-CV-5-D

LARRY SQUIRES,

        Plaintiff,

v.

MERIT SYSTEMS PROTECTION
BOARD, et al.,

        Defendants.

**ORDER**

The court recounted the procedural history of this case in its order of January 11, 2023. See [D.E. 57]. For the reasons stated in defendants' memorandum in support of their motion to strike or, in the alternative, motion to dismiss [D.E. 59], the court grants defendants' motion to dismiss plaintiff's second amended complaint for failure to state a claim upon which relief can be granted See Fed. R. Civ. P. 12(b)(6).

As for Squires's constructive discharge claim, a claim for constructive discharge requires Squires to plausibly allege that his "working conditions [became] so intolerable that a reasonable person in the employee's position would have felt compelled to resign." Green v. Brennan, 578 U.S. 547, 555 (2016) (quotation omitted); see Pa. State Police v. Suders, 542 U.S. 129, 147 (2004); Chapman v. Oakland Living Ctr., Inc., 48 F.4th 222, 235 (4th Cir. 2022); E.E.O.C. v. Consol. Energy, Inc., 860 F.3d 131, 144–45 (4th Cir. 2017); Major v. Cape Fear Acad., No. 7:19-CV-11, 2020 WL 3513243, at *5–6 (E.D.N.C. June 26, 2020) (unpublished); Boney v. Trs. of Cape Fear Cmty. Coll., 366 F. Supp. 3d 756, 763 (E.D.N.C. 2019). The standard to plausibly allege intolerable working conditions is higher than that for a hostile work environment claim under Title VII and 42

U.S.C. § 1981. See Evans v. Int'l Paper Co., 936 F.3d 183, 193 (4th Cir. 2019). "[M]ere dissatisfaction with work assignments, a feeling of being unfairly criticized, or difficult or unpleasant working conditions" do not constitute objectively intolerable conditions. Heiko v. Colombo Sav. Bank, F.S.B., 434 F.3d 249, 262 (4th Cir. 2006) (quotation omitted). Moreover, "[b]ecause the claim of constructive discharge is so open to abuse by those who leave employment of their own accord, [the Fourth Circuit] has insisted that it be carefully cabined." Honor v. Booz-Allen & Hamilton, Inc., 383 F.3d 180, 187 (4th Cir. 2004) (quotation omitted), abrogated on other grounds by Chapman, 48 F.4th at 235.

Viewing the second amended complaint in the light most favorable to Squires, Squires's constructive discharge claim fails. Thus, the court dismisses the claim.

In sum, the court GRANTS defendants' motion to strike or, in the alternative, motion to dismiss [D.E. 58], and DISMISSES WITH PREJUDICE Squires's second amended complaint. The clerk shall close the case.

SO ORDERED. This 17 day of July, 2023.

JAMES C. DEVER III
United States District Judge

2

Case 4:19-cv-00005-D   Document 62   Filed 07/17/23   Page 2 of 2